IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOM WADHWA, M.D.            :      CIVIL ACTION
                           :
       v.                  :
                           :
R. JAMES NICHOLSON         :      NO. 07-3301

MEMORANDUM AND ORDER

McLaughlin, J.                              June 20, 2008

Dr. Dom Wadhwa has filed four pro se complaints against the United States Department of Veteran Affairs Philadelphia Medical Center ("VA"):  Civil Action Nos. 07-2677; 07-2750; 07-2997; and 07-3301.  In one of those cases, Civil Action No. 07-1750, Sharon A. Finizie, a nurse at the VA, is also a plaintiff. The Court has consolidated all four cases under Civil Action No. 07-3301.

The government has moved to dismiss all of the cases and the Court heard oral argument on the motions on February 29, 2008.  After oral argument, Dr. Wadhwa submitted additional documents and argument, and the VA responded to that material.

The four complaints recount a series of employment disputes between Dr. Wadhwa and the VA.  Each of the complaints alleges discrimination on the basis of race, national origin, color, and age, as well as retaliation for the filing of various EEOC claims.  One of the cases, Civil Action No. 07-2997, also alleges unfair labor practices.  In his opposition to the motion

to dismiss and at oral argument, Dr. Wadhwa said that he did not mean to bring an unfair labor practice claim and that he meant to bring a <u>Bivens</u> action in Civil Action No. 07-2750.

Dr. Wadhwa has filed a series of EEOC complaints during the last several years against the VA.  With respect to only one of these was a right to sue letter issued: 2003-0642-2007102108 ("2108").[1]  In that case, Dr. Wadhwa alleged that the VA, in reprisal for previous EEO activity, subjected him to harassment in the following situations:

a.   On December 22, 2005, the Patient Advocate sent the complainant an email in which he questioned the complainant's course of action in the treatment of a patient.

b.   On January 4, 2006, a patient was scheduled to complainant's clinic with Functional Capacity Assessment forms to be completed by complainant.

c.   Fabricated, inaccurate, and untruthful data was being compiled by the Transfer Review Committee for a response to complainant's EEO cases when on December 29, 2005, a patient previously assigned to the complainant was reassigned to him, and on January 5, 2006, a patient who was hostile and a substance user was assigned to complainant.

---

[1]     In one other EEOC complaint, 200J06102007101312, the EEOC denied the plaintiff's motion for reconsideration on November 3, 2007.  Dr. Wadhwa, however, filed an appeal with the United States Merit Systems Protection Board (MSPB Appeal No. 200702424), which remains pending at the administrative level.

d.    On January 10, 2006, the complainant was informed that the Patient Advocate stated that the complainant's not writing a patient an order for incontinent pads was "patient abuse."

e.    On January 13, 2006, in regard to a Functional Capacity Assessment, Patient G asked the complainant if he could see anything wrong with his arms as he swung them in the air, and told the complainant that he would see complainant in court.

The Court has compared the claims in the various complaints against the exhausted claims in 2108 and concludes that only Civil Action No. 07-3301 contains any claims that are within FAD 2108.

The issues alleged in Civil Action No. 07-2677 are:

1.    August 2001 low proficiency reports

2.    November 2004 proposed reprimand

3.    January 2005 actual reprimand

4.    December 2005 unsatisfactory proficiency report

5.    July 2006 proposed 14-day suspension upgraded to proposed removal

6.    December 2006 directed reassignment

7.    January 2007 assigned C&P duties at VA

8.    April 2007 reprimand

They are not fairly within the scope of FAD 2108.

The issues alleged in Civil Action No. 07-2750 are:

1. Reassignment from clinical practice to C&P duties

2. Investigation of alleged theft of government property

They are not fairly within the scope FAD 2108.

Dr. Wadhwa and Sharon Finizie claim that they intended to bring a <u>Bivens</u> action in connection with the investigation of the alleged theft of government property that form the basis of Civil Action No. 07-2750.  The original complaint in Civil Action No. 07-2750 did not allege a <u>Bivens</u> action, however.  The Court will dismiss the claims in this complaint but has allowed the plaintiffs to file a <u>Bivens</u> action.  They have done so.  Docket No. 32.

The issues alleged in Civil Action No. 07-2997 are:

1. January 2007 reassignment to non-clinical duties at VA

2. Refused access to VA

3. July 2007, VA criticized C&P evaluations and permitted an RN to do so as well

4. Denial of performance pay

5. Rated Wadhwa with high satisfactory performance rating to ensure that he remain in C&P position

They are not fairly within the scope of FAD 2108.

In Civil Action No. 07-3301, Dr. Wadhwa complains about four events:  his assignment to the C&P section; the reprimands

4

he received in 2004 and 2005; certain accusations of patient abuse that occurred in January 2006; and the failure to offer pre-complaint counseling in 2007.  The allegation of accusations of patient abuse in January 2006 is within the scope of final agency decision on 2108.  The other issues are not.

With respect to the January 2006 accusation of patient abuse, the Court holds that it does not rise to the level of an adverse employment action, which is a requirement for retaliation.  A reasonable employee would not find that the fact that the patient advocate stated that certain conduct was patient abuse was so materially adverse that it would deter someone from making or supporting a charge of discrimination.[2]

To state a valid claim for retaliation, the plaintiff must allege that he was subjected to an action that a reasonable employee would have found materially adverse, that is, that the action might have dissuaded a reasonable worker from making or supporting a charge of discrimination.  Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006).  The Supreme Court emphasizes that "material adversity" is required and that "trivial harms . . . petty slights, minor annoyances, and simple lack of good manners will not create such deterrence."  The standard is an objective, not a subjective one.  Id. at 68.  "The

---

[2]    According to an uncontradicted statement by the defendant, the patient advocate is an employee of the VA but is not in a managerial capacity.  Tr. 2/29/08 Oral Arg. At 36-37.

anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." Id. at 67.  The conduct that Dr. Wadhwa alleges here does not rise to the level of conduct that would dissuade a reasonable working from making or supporting a charge of discrimination. Further, the patient advocate was not Dr. Wadhwa's supervisor and appears to have been simply passing along a complaint made by a patient.

Nor is this allegation sufficient to make out a hostile work environment claim.  To state a valid claim for a hostile work environment, the plaintiff must allege, among other things, that he suffered "harassing behavior sufficiently severe or pervasive to alter the conditions of [his] employment." Pa. State Police v. Suders, 542 U.S. 129, 133 (2004) (internal quotations omitted); see also Jensen v. Potter, 435 F.3d 444, 449 & n.3 (3d Cir. 2006).  The Supreme Court has stated that "isolated incidents (unless extremely serious) will not amount to discriminatory changes of the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).  Receiving a single allegation of patient abuse from a patient advocate is not "sufficiently severe or pervasive to alter the conditions of [his] employment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOM WADHWA, M.D.              :     CIVIL ACTION
                             :
        v.                   :
                             :
R. JAMES NICHOLSON           :     NO. 07-3301

ORDER

AND NOW, this <u>20th</u> day of June, 2008, upon consideration of the defendant's motion to dismiss (Docket No. 13), plaintiffs' opposition, and after a hearing on February 29, 2008, IT IS HEREBY ORDERED that said motion is GRANTED in part and denied in part for the reasons stated in a memorandum of today's date.

IT IS FURTHER ORDERED that all claims in all of the cases consolidated in 07-3301 are dismissed except for the "Bivens Action" 07-2750.

BY THE COURT:


/s/ Mary A. McLaughlin____
MARY A. McLAUGHLIN, J.