```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DOM WADHWA, M.D., et al.      :    CIVIL ACTION
                              :
     v.                       :
                              :
R. JAMES NICHOLSON, et al.    :    NO. 07-3301
```

MEMORANDUM

McLaughlin, J.                                        April 24, 2009

        Dom Wadhwa, M.D., and Sharon A. Finizie, R.N., are employees of the United States Department of Veterans Affairs Medical Center ("VA") in Philadelphia, Pennsylvania.  This consolidated case, which was originally filed as four separate lawsuits, is the result of a series of alleged employment disputes between the plaintiffs and the VA.[1]  At this stage, the only claims remaining are those related to the plaintiffs' "Bivens action," originally filed as Civil Action No. 07-2750.

        The defendants have filed a motion to strike and to dismiss, in which they ask that the Court:  (1) strike all allegations and claims in the plaintiffs' new Second Amended Consolidated Complaint (the "new SACC," Docket No. 70) that are unrelated to the plaintiffs' Bivens action; (2) dismiss R. James Nicholson as a defendant under Rule 12(b)(6); and (3) strike the

---

[1] Dr. Wadhwa filed four pro se complaints against the VA - Civil Action Nos. 07-2677, 07-2750, 07-2997, and 07-3301.  In one of those cases, No. 07-2750, Finizie, a nurse at the VA, was also a plaintiff.  The Court has consolidated all four cases into Civil Action No. 07-3301.

plaintiffs' affidavit of service filed on January 30, 2009, and order the plaintiffs to properly serve the summons and new SACC on each individual defendant.  The Court will grant the defendants' motion in part and deny it in part.

I.   Background

On February 29, 2008, the Court heard oral argument on the government's omnibus motion to dismiss the claims in each of the plaintiffs' four lawsuits.  On June 20, 2008, the Court dismissed all of the plaintiffs' claims, with the exception of the claims in the plaintiffs' "Bivens action," Civil Action No. 07-2750.  See Docket No. 40.[2]

On July 18, 2008, the Court granted the plaintiffs leave to file a consolidated second amended complaint containing the allegations of three previous amended complaints submitted by the plaintiffs.  On August 6, 2008, the plaintiffs filed their second amended complaint.  On August 19, 2008, the Court ordered that complaint stricken, as it contained amendments that the Court did not give the plaintiffs leave to make.  See Docket Nos. 49, 54, 57.

---

[2] In his opposition to the government's motion to dismiss and at oral argument, Dr. Wadhwa said that he meant to bring a Bivens action, and not an unfair labor practices claim, in Civil Action No. 07-2750.  See Docket No. 40 at 1-2.

In striking the complaint, the Court clarified which claims the plaintiffs could include in their new complaint. These claims "include only the alleged false arrest and related events on June 23 and 26, 2007; the alleged retaliatory incident on February 29, 2008; and the alleged unreasonable search and seizure of June 27, 2008." Docket No. 57 ¶ 2.

On January 20, 2009, the Court ordered the Clerk to file the new SACC submitted by the plaintiffs, which contained a modified caption and additional individual defendants for the plaintiffs' Bivens action. On that date, the Court also ordered the Clerk to issue summonses as to the new defendants named in the new SACC. See Docket No. 69.

On January 30, 2009, the plaintiffs filed a set of eight forms entitled "Sheriff's Return of Service - Philadelphia Co." - with one form for each of the eight defendants named in the new SACC. According to the certificate of service attached to these returns, the returns are meant to establish service of the summons and new SACC on "all Defendants." On each of the returns, however, the section entitled "TO BE COMPLETED BY SHERIFF" is blank. None of these forms states when any defendant was served or the manner of service. See Docket No. 71.[3]

---

[3] The plaintiffs attached two other sets of returns of service to their motion to compel filed March 2, 2009. See Docket No. 73 Exs. B-C. The first set indicates that service was attempted on February 2, 2009, and that acceptance of service was refused. The process server wrote: "Per General Counsel, cannot

The defendants filed a motion to strike and to dismiss on March 2, 2009. See Docket No. 73. After the plaintiffs filed a motion to compel the VA Chief Counsel's office to permit service at the VA, the defendants filed an amended motion to strike and to dismiss. See Docket No. 75.[4]

II. Discussion

In their amended motion, the defendants ask the Court (1) to strike all allegations and claims in the new SACC that are not related to the plaintiffs' Bivens causes of action; (2) to dismiss defendant Nicholson from the lawsuit for failure to state a claim; and (3) to strike the affidavit of service filed on January 30, 2009, and order the plaintiffs to properly serve the summons and new SACC on each individual defendant. The Court will grant the defendants' motion in part and deny it in part.[5]

---

accept. Must serve at their home." See Docket No. 73 Ex. B. The plaintiffs assert that second set shows that the sheriff served the new SACC "to all the defendants" on January 6, 2009. What these returns actually indicate, however, is that the sheriff left documents with Stacey Conroy, an attorney at the VA Chief Counsel's office, on that date. Id. Ex. C.

[4] The Court denied the defendants' original motion to strike and to dismiss as moot, in light of the amended motion, on March 5, 2009. See Docket No. 77. The Court denied the plaintiffs' motion to compel on March 31, 2009. See Docket No. 84.

[5] The defendants argue that the plaintiffs' motion to compel is an admission on the plaintiffs' part that proper service has not been made. Accordingly, they also ask the Court to dismiss the complaint without prejudice under Rule 12(b) for insufficient service of process, insufficient process, and lack of personal

A. Motion to Strike Non-<u>Bivens</u>-Related Claims and Allegations

First, all allegations and claims in the plaintiffs' new SACC that relate to employment discrimination under Title VII, the Age Discrimination in Employment Act ("ADEA"), and non-<u>Bivens</u>-related tort claims are stricken. The Court has not given the plaintiffs leave to include such allegations or causes of action in the plaintiffs' new complaint.

On the other hand, the Court has granted the plaintiffs permission to include allegations related to the events that took place on June 23 and 26, 2007, February 29, 2008, and June 27, 2008. <u>See</u> Docket No. 57 ¶ 2. Thus, the defendants' motion is only granted (1) to the extent that the plaintiffs attempt to establish other non-<u>Bivens</u> causes of action arising out of events occurring on those dates, and (2) insofar as the plaintiffs raise allegations of unrelated events occurring on other dates not mentioned in the Court's August 19, 2008, Order.[6]

---

jurisdiction. In light of the attempts at service by the plaintiffs, who are pro se, and the fact that the plaintiffs have 120 days from January 20, 2009 - the date on which the new SACC was filed - to effect service under Federal Rule of Civil Procedure 4(m), the Court will not dismiss the new SACC at this time.

[6] The Court takes no position on whether the allegations of the new SACC are sufficient to support <u>Bivens</u> causes of action, as the defendants have not moved to strike allegations or to dismiss claims on that basis, except with regard to defendant Nicholson.

### 2. Motion to Dismiss Defendant Nicholson

Second, the Court will dismiss defendant R. James Nicholson from this action. An action for damages under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), will lie only against federal officers or employees being sued in their individual capacities. In other words, under <u>Bivens</u>, a plaintiff can sue a federal agent where that agent's actions on behalf of the United States violated her constitutional rights. <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980); <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 800 (3d Cir. 2001).

The new SACC states that Nicholson "is sued in his official capacity as Secretary of the Department of Veterans Affairs, and as such, is amenable to suit as provided in Section 717(c) of Title VII . . . ." Docket No. 71 ¶ 10. Even construing the complaint liberally, the plaintiffs' allegations against Nicholson continue to sound in employment discrimination. The Court has already dismissed all such claims from the case. The plaintiffs do not allege <u>any</u> actions taken by Nicholson on any of the dates mentioned in the Court's Order of August 19, 2008.[7] As the only remaining claims in this case are <u>Bivens</u>

---

[7] The only allegation that arguably pertains to Nicholson is the concluding paragraph to the "Causes of Action" section of the new SACC: "In sum, Defendant, through his subordinates, has intentionally, maliciously, and blatantly retaliated against Dr. Wadhwa and Ms. Finizie for engaging in the EEO process." <u>See</u> Docket No. 70 at 9. The complaint does not specify the "Defendant" to which this summary assertion refers, but even

claims arising out of events on those dates, Nicholson is dismissed as a defendant.

This dismissal will be with prejudice.  The Court has already dismissed the plaintiffs' employment discrimination claims against Nicholson, and has specifically limited - based on the plaintiffs' representations to the Court - the claims that the plaintiffs may bring at this stage.  The plaintiffs have filed at least six different complaints in relation to their Bivens claims, including three that were filed after the Court granted the plaintiffs' leave to amend their complaint.  See Docket Nos. 32, 38, 46, 54, 58, 70.  None of these complaints, or the plaintiffs' original Bivens complaint in Civil Action No. 07-2750, contains allegations of any conduct by Nicholson on the dates in question.  Instead, the plaintiffs have consistently alleged a host of actions taken by the other defendants.

Even if the plaintiffs could amend their complaint to allege actions by Nicholson, the Court would not permit such amendment at this stage.  The plaintiffs have had multiple opportunities to make such allegations since they originally filed the complaint in their Bivens action in July 2007.  Because they have not taken any such opportunity after over twenty-one months, the Court finds that further amendment at this stage of

---

assuming that the plaintiffs intended to refer to Nicholson, this statement is insufficient to keep Nicholson as a defendant in this case under a Bivens theory of liability.

the proceedings to add such allegations would be unduly dilatory, prejudicial, and inequitable.[8]

        3.    Motion to Strike the January 30, 2009, Affidavit of Service and to Order Service of the New SACC

Finally, the defendants ask the Court to strike the affidavit of service filed by the plaintiffs on January 30, 2009, and to order the plaintiffs to serve the summons and complaint on each of the individual defendants. The Court will grant these requests. Neither the January 30, 2009, affidavit nor any other filing by the plaintiffs establishes that any of the individual defendants was served in a manner permitted by Rule 4 of the Federal Rules of Civil Procedure.

Federal Rule 4(i)(3) sets forth the appropriate procedure for effecting service upon United States officers being sued in their individual capacities, as is the case in a Bivens action.[9] Under that rule, where a United States officer or

---

[8] The Court also notes that certain filings by the plaintiffs evidence an intent to sue Nicholson only in his official capacity as the Secretary of the VA. For example, the plaintiffs have captioned their new SACC with "R. James Nicholson or Current Secretary, DVA" as a defendant. In addition, the most recent certificate of service filed by the plaintiffs states that the plaintiffs mailed a summons and complaint to "James B. Peake, M.D., Current Secretary (for R. James Nicholson, Secretary for the Department of Veterans Affairs)." See Docket No. 85.

[9] The plaintiffs assert in their opposition brief that they are suing the defendants in their official capacities. However, plaintiffs cannot bring Bivens claims for actions taken by federal officers or employees in their official capacities. The

employee is sued in an individual capacity for an act or omission occurring in connection with duties performed on behalf of the United States, a party must serve the United States and also serve the officer or employee in a manner permitted by Rule 4(e). Rule 4(e) allows service upon an individual by in-person delivery, delivery to a person of suitable age or discretion at the individual's home, or delivery to an agent authorized by appointment or by law to receive service of process.  Fed R. Civ. P. 4(e)(2).

Rule 4(e) also allows service on an individual to be made using state law methods for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).  Here, in addition to permitting service in person or to particular persons at the individual's residence, Pennsylvania Rule of Civil Procedure 402 also allows service upon an individual by delivery at "any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."  Pa. R. Civ. P. 402(a)(2)(iii).

---

Court will construe the complaint in favor of the plaintiffs and assume that the plaintiffs, who have stated that they intended to bring Bivens claims, are suing the defendants in their individual capacities.  See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (noting that a court must liberally construe a pro se plaintiff's pleadings and apply the applicable law, regardless of whether the pro se litigant properly mentions it); Gray v. Occidental Life Ins. Co. of Cal., 387 F.2d 935, 936 (3d Cir. 1968) (stating that all "doubtful questions" regarding a pro se complaint are to be resolved in favor of the plaintiff).

Courts in this district have routinely interpreted the phrase "office or usual place of business of the defendant" as referring to a place where the defendant has a "proprietary interest" and not where the defendant is "merely an employee." See Kingvision Pay-Per View Corp. v. 2501 X Factor, Inc., No. 05-3559, 2005 WL 3470635, at *2 (E.D. Pa. Dec. 16, 2005); Haysel v. Hertz Corp., No. 01-0015, 2001 WL 698145, at *1 (E.D. Pa. June 18, 2001); Harmon Elecs., Inc. v. Nat'l Signal Corp., No. 94-3071, 1997 WL 158216, at *2 (E.D. Pa. Apr. 2, 1997); Johnson-Lloyd v. Vocational Rehab. Office, 813 F. Supp. 1120, 1125 (E.D. Pa. 1993); Walsh v. SmithKline Beckman, No. 89-5833, 1990 WL 149208, at *2 (E.D. Pa. Oct. 2, 1990).  The Court agrees with this interpretation of Pennsylvania law.  See Pincus v. Mut. Assur. Co., 321 A.2d 906, 910 (Pa. 1974) (stating, under a prior version of the Pennsylvania Rules, that the phrase "office or place of business 'of the defendant'" requires that the defendant have "more proprietary responsibility and control over the business than that possessed by the average employee"); Williams v. Office of Publ. Defender County of Lehigh, 586 A.2d 924, 925 (Pa. Super. Ct. 1990) (reaching the same conclusion with regard to Rule 402).

The January 30, 2009, affidavit of service does not establish that the plaintiffs properly served the individual defendants under either federal or Pennsylvania law.  The returns

10

of service contained therein do not state when or in what manner any individual was served.  The two sets of returns attached to the plaintiffs' motion to compel also do not establish proper service.  Exhibit B to the plaintiffs' motion to compel proves only that the VA Chief Counsel's office refused to accept service on February 2, 2009, and Exhibit C indicates only that the sheriff left documents with Stacey Conroy, an attorney in the VA Chief Counsel's office, on January 6, 2009.[10]

As explained in the Court's Order of March 31, 2009, which denied the plaintiffs' motion to compel, the VA Chief Counsel's office was not, and is not, required to accept service on behalf of the individual defendants.  <u>See</u> Docket No. 84.  The plaintiffs have not argued that Conroy or any other employee of the Chief Counsel's office is an agent authorized by appointment or by law to receive service of process.[11]  Nor have they shown

---

[10] Since the filing of the defendants' motion, the plaintiffs have filed two other certificates of service stating that the plaintiffs sent the summons and new SACC to the defendants via certified mail pursuant to Federal Rule 4(i)(2). <u>See</u> Docket Nos. 85, 86.  That rule, however, governs the procedure for service upon a United States agency, corporation, officer, or employee sued in an <u>official</u> capacity.  As the Court has explained, an action under <u>Bivens</u> is brought against a United States officer or employee sued in an <u>individual</u> capacity.  The procedure for service in such cases is governed by Rule 4(i)(3), which incorporates the procedure for service under Rule 4(e). Those rules do not permit service via certified mail on United States officers or employees sued in an individual capacity.

[11] In addition, although Conroy may have received whatever documents the process server brought on January 6, 2009, at that time, summonses had not been issued as to any of the individual

that any of the individual defendants is anything more than a mere employee of the VA.

Neither the January 30, 2009, affidavit nor any other filing by the plaintiffs establishes that the individual defendants were properly served under Rule 4.  The Court will grant the defendants' motion to strike.  The plaintiffs must also serve the summonses and new SACC within the time limits set forth in Federal Rule 4(m).  That rule gives the plaintiffs 120 days from the date the new SACC was filed - January 20, 2009 - to effect service upon the defendants.  The plaintiffs must therefore serve the individual defendants in a manner that is permitted by Rule 4(i)(3) on or before May 20, 2009.

An appropriate Order shall issue separately.

---

defendants.  Under Federal Rule 4(c), a summons must be served with a copy of the complaint.  See Fed. R. Civ. P. 4(c)(1).