IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOM WADHWA, M.D., et al.       :    CIVIL ACTION
                               :
     v.                        :
                               :
R. JAMES NICHOLSON, et al.     :    NO. 07-3301

MEMORANDUM

McLaughlin, J.                                    March 29, 2010

        Dom Wadhwa, M.D., and Sharon A. Finizie, R.N., are employees of the United States Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania ("DVAMC").  This consolidated case, which was originally filed as four separate lawsuits, is the result of a series of alleged employment disputes between the plaintiffs and the DVAMC.[1]  At this stage, the only claims remaining are those related to the plaintiffs' "<u>Bivens</u> action," originally filed as Civil Action No. 07-2750.

        The defendants moved in seven separate motions to dismiss the plaintiffs' complaint, or in the alternative for

---

[1] Dr. Wadhwa filed four pro se complaints against R. James Nicholson, Secretary of the Department of Veterans Affairs - Civil Action Nos. 07-2677, 07-2750, 07-2997, and 07-3301.  In one of those cases, No. 07-2750, Ms. Finizie, a nurse at the DVAMC, was also a plaintiff.  The Court consolidated all four cases into Civil Action No. 07-3301.  On June 8, 2009, Dr. Wadhwa and Ms. Finizie filed another lawsuit, Civil Action No. 09-2602, against Secretary Nicholson.  On August 5, 2009, the Court dismissed the action for failure to exhaust administrative remedies.  The dismissal was affirmed on appeal.  No. 09-3555, 2010 U.S. App. LEXIS 3038 (3d Cir. Feb. 16, 2010).

summary judgment.  The plaintiffs opposed the motion.[2]  For the reasons stated below, the Court will grant the defendants' motions to dismiss and dismiss the plaintiffs' complaint with prejudice.

I.   Background

The plaintiffs originally filed four suits in 2007 against R. James Nicholson in his official capacity as Secretary of Veterans Affairs, alleging various violations related to the plaintiffs' employment at the DVAMC.  On October 24, 2007, the Court consolidated the actions into one suit.  After various motions from the parties, the plaintiffs filed an amended complaint.[3]  On June 23, 2008, the Court dismissed all of the plaintiffs' claims with the exception of the claims in the plaintiffs' "Bivens action," Civil Action No. 07-2750.

The plaintiffs then requested leave to file a second

---

[2] The plaintiffs' brief in opposition is not directly responsive to the defendants' motions and memoranda of law.  It references the plaintiffs' various EEOC complaints, which are not at issue in the present case, and the decision to consolidate the plaintiffs' civil actions.  It also asserts, without explanation, that the declarations that accompany the defendants' motions are inconsistent with the EEO counselors' reports of the incidents involved in this action.  Although it is unclear to the Court as to how the EEO counselors' reports differ materially from the defendants' declarations, the Court will not address this issue because it does not rely on the defendants' declarations to decide the motions to dismiss.

[3] The plaintiffs also filed a second amended complaint, but the Court dismissed the second amended complaint because the plaintiffs had not requested leave for its filing.

2

amended complaint and a third amended complaint.  On July 18, 2008, the Court granted the plaintiffs' motion for leave and allowed the plaintiffs to file a single new complaint, a second amended consolidated complaint, containing the allegations from the plaintiffs' three amended complaints.  The Court then struck the plaintiffs' second amended consolidated complaint on August 18, 2008, because it included allegations not contained in the previous complaints and attempted to revive claims that the Court already dismissed.  The Court clarified that the plaintiffs could "include only the alleged false arrest and related events on June 23 and 26, 2007; the alleged retaliatory incident on February 29, 2008; and the alleged unreasonable search and seizure of June 27, 2008."

       The plaintiffs filed a new second amended consolidated complaint on October 30, 2008.  On December 29, 2008, the plaintiffs moved to amend the caption of the complaint to include individual defendants.  The Court granted in part the plaintiffs' motion, and the plaintiffs filed another new second amended consolidated complaint on January 2, 2009.  On January 20, 2009, the Court ordered the Clerk to file the latest new second amended consolidated complaint submitted by the plaintiffs ("SACC"), which contained the modified caption and additional individual defendants.  The SACC is the operative complaint in this action.

       In a memorandum and order issued April 24, 2009, the

Court dismissed with prejudice Secretary Nicholson from the SACC. The Court also struck all claims that related to employment discrimination under Title VII and the Age Discrimination in Employment Act ("ADEA") and all non-Bivens-related tort claims because the Court did not grant the plaintiffs leave to include such allegations or causes of action in the plaintiffs' SACC. On October 19, 2009, the defendants moved to dismiss, or in the alternative, for summary judgment.

At this point in the litigation, the plaintiffs' remaining claims are: (1) a free speech violation under the First Amendment, (2) a substantive due process violation under the Fifth Amendment, and (3) a procedural due process violation under the Fifth Amendment.[4] The plaintiffs allege that they were subjected to various incidents that constitute these constitutional violations. First, on June 23, 2007, the plaintiffs were stopped and questioned, and Dr. Wadhwa's car was searched in the parking garage at the DVAMC. The police officer who took these actions claimed to be looking for patient-related information that the plaintiffs possessed.[5] No patient information was found, and the plaintiffs were permitted to leave

---

[4] Construing the complaint liberally, it appears that the plaintiffs may also allege a Fourth Amendment search and seizure violation. The Court will address such an allegation out of an abundance of caution.

[5] The police officer is not named as a defendant in this action.

4

the premises. SACC ¶ 16.

Second, on June 26, 2007, the plaintiffs were questioned about the June 23 incident. They were taken to the DVAMC police holding room and read their <u>Miranda</u> rights. They were informed that they were being placed under criminal investigation for theft of government property. <u>Id.</u> ¶ 17.

Third, on February 29, 2008, "agency officials . . . staged an incident in an attempt to arrest" the plaintiffs for battery, assault, and disorderly conduct. The plaintiffs do not allege that they were actually arrested for these crimes. The plaintiffs do not detail what actions constituted the staged incident. <u>Id.</u> ¶ 19.

On June 27, 2008, a police officer "subjected [Dr. Wadhwa] to a search and seizure" of his personal items because the officer was looking for patient-related information.[6] <u>Id.</u> ¶ 20.

The plaintiffs brought suit against Margaret O'Shea-Caplan as the Associate Director of the DVAMC; Doctors Martin Heyworth, Michael Grippi, and John Murphy, as supervisors of Dr. Wadhwa; and Linda Aumiller, R.N., as supervisor of Ms. Finizie;[7]

---

[6] The police officer is not named as a defendant in this action.

[7] In Defendant Aumiller's declaration attached to her motion, she declares that she is the Quality Management Director of the Department of Veterans Affairs Medical Center in Philadelphia, PA. Declaration of Linda Aumiller ¶ 1 ("Aumiller

for authorizing the June 26, 2007 incident and for various torts because they authorized and publicized the June 26, 2007 incident: false light, false imprisonment, defamation per se, slander per se, libel per se, and intentional infliction of extreme emotional distress and severe mental anguish.[8]

The plaintiffs also assert a claim of search and seizure under false pretenses against Ms. O'Shea-Caplan and Jeffrey Kaufman, the Chief of Police at the DVAMC, for authorizing the June 27, 2008 search of Dr. Wadhwa's personal items. Finally, the plaintiffs assert torts of attempted battery, attempted assault, disorderly conduct, and attempted larceny against "agency officials" for having "staged an incident" on February 29, 2008, in an attempt to arrest the plaintiffs for these crimes.[9]

---

Decl."), Ex. A to Aumiller M. She explains that she was Ms. Finizie's supervisor until October 1, 2006, the date on which Ms. Finizie was transferred to Clinical Support Services. Id. Defendant Aumiller has not acted as Ms. Finizie's supervisor at any time since October 1, 2006, and was not Ms. Finizie's supervisor when the allegations in the complaint transpired. Id.

[8] Because only Bivens claims remain in this action, the Court will construe the plaintiffs' tort claims to allege constitutional violations.

[9] The plaintiffs do not indicate that Defendant Carol Patterson, Vice President for Medicine Service at the DVAMC, was involved in any of the above-outlined incidents. Rather, in the plaintiffs' "false light" count, the plaintiffs allege that certain officials "wrongfully publicized" information to Defendant Patterson. SACC ¶ 21(b).

II. *Analysis*

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, a plaintiff cannot satisfy Rule 8 by making "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true, but should disregard any legal conclusions. The court must then determine whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, then the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Iqbal, 129 S. Ct. at 1949. Although pro se filings are entitled to liberal construction, a pro se plaintiff must still satisfy the Rule 8 standard. See Zilich v. Lucht, 981 F.2d 694, 694-96 (3d Cir. 1992).

A. *Respondeat Superior Liability*

The Court will dismiss the plaintiffs' SACC because it

7

relies on a theory of respondeat superior to hold the defendants liable. Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Rather, the allegations in the complaint must demonstrate with particularity how each named defendant was personally involved in the allegedly unlawful conduct, either through participation or actual knowledge and acquiescence. Id.

Here, the plaintiffs named seven defendants who are administrators and supervisors at the DVAMC. None of these defendants is alleged to have been personally involved in any of the incidents detailed in the SACC. Instead, the plaintiffs allege that Defendants O'Shea-Caplan, Heyworth, Grippi, Murphy, and Aumiller "authorized" the DVAMC to investigate the plaintiffs on June 26, 2007, and "publicized" this incident. They also allege that Defendants O'Shea-Caplan and Kaufman "authorized" a search of Dr. Wadhwa's personal items on June 27, 2008.[10] The plaintiffs do not allege that the defendants were involved in any other capacity, nor do they detail with particularity the defendants' participation or actual knowledge and acquiescence.

In addition, the plaintiffs do not allege that any of

---

[10] To the extent that this allegation attempts to raise a Fourth Amendment claim, the Court rejects it. Defendants O'Shea-Caplan and Kaufman are not alleged to have searched and seized the plaintiffs' belongings, to have been present during the searches, or to even have known or acquiesced to the incidents, such that the SACC fails to allege with particularity the defendants' personal involvement.

8

the defendants were involved in the "staged incident" on February 29, 2008. Instead, the SACC merely states that "agency officials" "staged an incident" in an attempt to arrest the plaintiffs. Even if this allegation is meant to accuse all of the defendants of involvement, the allegation is not stated with the required particularity. See Rode, 845 F.2d at 1207. Finally, the plaintiffs fail to allege any involvement by Defendant Patterson. Instead, the plaintiffs allege that the other defendants "publicized" the June 26, 2007 incident <u>to</u> Defendant Patterson.

    B.  <u>Constitutional Violations</u>

To any extent that the plaintiffs' SACC is not based on a theory of respondeat superior, the SACC must be dismissed because it fails to demonstrate that the plaintiffs' constitutional rights were violated.

          1.  <u>Free Speech</u>

The plaintiffs state that the defendants violated the plaintiffs' right to free speech as guaranteed by the First Amendment. SACC ¶ 1. None of the factual allegations in the SACC, however, contain any references to the plaintiffs' right to free speech or to the manner in which this right was violated.

9

The Court will dismiss this claim.[11]

    2.  Substantive Due Process

Substantive due process under the Fifth Amendment protects an individual from arbitrary government action. County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998). Only the most egregious official conduct, which "shocks the conscience," amounts to a violation of substantive due process. Id. at 846. Due process does not impose liability whenever a government official causes harm. Id. at 848-49. Rather, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Id. at 849.

None of the plaintiffs' allegations gives rise to a substantive due process claim. The plaintiffs claim that they were stopped and questioned on June 23, 2007, and questioned again, after being read their Miranda rights, on June 26, 2007. The plaintiffs also claim that Dr. Wadhwa was subject to a search of his personal items on June 27, 2008. The plaintiffs explain that the DVAMC police took such actions because they believed that the plaintiffs stole patient-related information.

---

[11] To the extent that the plaintiffs raise a First Amendment violation based on retaliation for filing EEOC complaints and instituting lawsuits, such a claim is not before the Court. The Court struck all allegations related to employment discrimination in its April 24, 2009 memorandum and order.

10

Questioning and searching the plaintiffs and reading them their Miranda rights does not "shock the conscience."

Further, the alleged staged incident on February 29, 2008, does not "shock the conscience." There are no factual allegations detailing the events of this incident, and the plaintiffs do not claim that they were arrested or sued for battery, assault, and disorderly conduct - they do not claim any harm transpired from this incident.

3. Procedural Due Process

The plaintiffs also fail to establish deprivation of a property or liberty interest without procedural due process. See Bd. of Regents v. Roth, 408 U.S. 564, 576 (1972). The plaintiffs allege that on June 26, 2007, they came to the DVAMC for questioning, and the police informed the plaintiffs of their Miranda rights. Such action appears to in fact conform with, and not violate, due process.

The plaintiffs' allegations with respect to the staged incident on February 29, 2008, also do not establish a procedural due process claim. The plaintiffs do not allege that they were ever charged with the crimes of assault, battery, and disorderly conduct, or that they were deprived of procedures for any of the incidents alleged.

To the extent that the plaintiffs claim an injury to their reputation as a violation of procedural due process, this

11

claim fails. Stigma to reputation alone, absent some accompanying deprivation of present or future employment, is not a protected liberty interest. Robb v. City of Philadelphia, 733 F.2d 286, 294 (3d Cir. 1984).

III. Conclusion

For the reasons herein stated, the defendants' motions to dismiss are granted and the plaintiffs' complaint is dismissed with prejudice. The plaintiffs have filed numerous amended complaints over the course of this three-year litigation, and allowing further amendments would be futile.

An appropriate Order shall issue separately.